TOWN OF PALATINE v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Appellate Division, Third Department. November 10, 1897.)

1. TURNPIKE COMPANIES—ABANDONMENT OF ROAD—CONSTRUCTION OF STATUTE.
　　The charter of a turnpike company owning a roadway 3 rods wide required only 30 feet to be contained within the ditches, and only 18 feet to be constructed. A railroad company succeeded the turnpike company, and took possession of the 3-rod turnpike, under Laws 1833, c. 294, which provided

that the railroad company might abandon the turnpike at any time on giving notice to the highway commissioners. *Held* that, in order to be relieved from maintaining the 18 feet or the 30 feet of the roadway, the company could not abandon that part merely, but was required to abandon the entire roadway.

**2. SAME—HIGHWAY COMMISSIONERS—ACTIONS.**

By Laws 1833, c. 294, it became the duty of the highway commissioners, on such an abandonment, to keep the roadway in repair, "as other highways are"; and by Laws 1890, c. 568, § 15, the commissioners are authorized to sue in the name of the town to "sustain the rights of the public in and to [the highway], and to enforce a performance of any duty enjoined upon any corporation in relation thereto." *Held*, on actual abandonment of the road as a turnpike, and to such an extent that it could no longer be used as a turnpike, that the commissioners might sue to compel the railroad company to surrender to them the entire road as received by it under the act of 1833.

**3. SAME—PLEADING—DESCRIPTION—MATERIALITY.**

The fact that the portions of the roadway retained by the railroad company after abandonment of the turnpike could not be located on the ground from the description in the complaint by the commissioners under the law of 1890 did not render the complaint subject to demurrer. It was enough that the roadway, as a whole, was sufficiently described.

Appeal from special term.

Action by the town of Palatine against the New York Central & Hudson River Railroad Company. From an order overruling a demurrer to the complaint, defendant appeals. Affirmed.

The complaint substantially avers that the Mohawk Turnpike Company, in April, 1833, and for a long time prior thereto, owned a turnpike three rods in width, which extended from Schenectady to Utica, and passed through the town of Palatine; that, by virtue of the provisions of chapter 294 of the Laws of 1833, the Utica & Schenectady Railroad Company took possession of such three-rod turnpike, and used and possessed it, and became vested with all the rights, property, etc., of such turnpike company, and subject to the same duties, liabilities, penalties, etc. It also averred that, under such act, such railroad company, after the completion of its road, might at any time abandon such turnpike by giving notice thereof to commissioners of highways, and that then such turnpike should be kept in repair in the same manner as other highways. But, until such turnpike road should be thus abandoned, such railroad company should keep it in as good repair as it then was. It then avers facts showing that the defendant succeeded to the property, rights, and liabilities of the Utica & Schenectady Railroad Company, and that it assumed and became obligated to perform all the duties and obligations of such company in relation to such turnpike; that it took possession of such turnpike road, and continued to own, occupy, and control the whole thereof, within the town of Palatine, down to October 19, 1891, when it gave notice in writing to the commissioners of highways of the town of Palatine that it surrendered and abandoned such turnpike road, such surrender and abandonment including that portion of such turnpike located within the town of Palatine, aforesaid, whereof the said turnpike company was seised and possessed on the 29th day of April, 1833. The complaint then avers that, "notwithstanding such notice of surrender and abandonment, the defendant has nevertheless only actually delivered and surrendered to the plaintiff a portion of said turnpike within said town of Palatine," and that "it still continues to hold, occupy, possess, and use certain portions of such road between its northerly and southerly bounds, described as follows." Then follows a statement of the number of feet in width still used by the defendant at 249 stations, 100 feet apart, through said town. Such statement does not so describe the portion or portions still used by said defendant that they could from such description be located upon the ground. The complaint further avers that, at the time the notice of abandonment was given, the greater part of the turnpike in said town of Palatine was not in as good condition as it was on April 29, 1833, specifying wherein it was defective. It further avers that the whole length of the turnpike through such town was 13 miles, and that the plaintiff, since the notice of abandonment, has repeatedly demanded from defendant that it surrender and deliver up pos-

session of such portions of the turnpike as it still holds and retains to its own use, and that the defendant refuses so to do. Then follows a prayer for judgment; that the defendant surrender and deliver such portions of the turnpike so withheld, retained, and used by it, and specifically perform the agreement authorizing the abandonment and surrender of the turnpike to plaintiff; and that defendant restore that portion of the turnpike at the stations mentioned to the width that it had on April 29, 1833; and, further, that it put the whole of such turnpike in such town in as good condition of repair as it was on the 29th day of April, 1833.

Argued before PARKER, P. J., and LANDON, HERRICK, and MERWIN, JJ.

Edward Winslow Paige, for appellant.
Andrew J. Nellis, for respondent.

PARKER, P. J.    Under the averments in this complaint, we must assume that the "turnpike" which the original company owned, and which passed to the possession of this defendant under the act of 1833, was a roadway 3 rods in width.    It may be that, under its act of incorporation, only 30 feet in width need be contained between the ditches, and only 18 feet of this need be constructed as therein specified; but the roadway itself, which belonged to the turnpike company, and which the defendant took, must, under this demurrer, be deemed to be 3 rods in width.    By the provisions of the act of 1833, as well as by the averments in the complaint, the thing which the railroad company is authorized to abandon is the turnpike which it took.    The statute does not provide that such company may abandon, when it desires, such part only as it is required to keep in a certain condition, viz. the 30 or the 18 feet, and appropriate forever to its own use the remaining portion of the 3-rod roadway; but, when it desires to be relieved from the burden of maintaining such 18 or 30 feet in the condition required by statute, it may abandon to the commissioners the whole roadway which it received.    The method of abandonment is specified by the statute to be a notice given to the commissioners of highways.    The complaint shows that not only was notice of abandonment of "said turnpike road," viz. the road three rods in width, given, but also that in many places in the town of Palatine all of it has been in fact surrendered to the commissioners.    An actual abandonment and surrender has in fact been made in such town, to such an extent that it can no longer be used and maintained by the railroad company as a turnpike road.    Only certain strips of it, at different places, are still retained and used by the defendant.    As a turnpike road, the whole has been in fact abandoned, and is no longer kept in repair by the defendant.    By the requirements of the act of 1833, when so abandoned by the railroad company, it becomes the duty of the commissioners of highways to keep the same in repair "as other highways are."    Therefore, upon the abandonment by the defendant of this turnpike in the town of Palatine, it became a highway of that town.    See, also, Transportation Corporations Law (Laws 1890, c. 566) § 139.    And the commissioners were authorized to bring an action in the name of the town "to sustain the rights of the public in and to it, and to enforce the performance of any duty en-

joined upon any corporation in relation thereto." Highway Law (Laws 1890, c. 568) § 15. It seems clear, therefore, that this action is well brought to compel the defendant (inasmuch as it has abandoned the turnpike, and ceased to maintain it as a turnpike road) to surrender to the highway commissioners all parts of the roadway that it received under the act of 1833. Evidently, the purpose of the act was to secure to the public a means of travel over the road in question, either as a turnpike, under the control and management of the railroad company, or else as a free highway, under the care and control of the commissioners of the town. And, when the railroad company ceases to care for and maintain it as a turnpike road, the statute imposes upon it the duty of surrendering possession of all parts of it to the control of such commissioners. If it refuses to so do, in my opinion an action lies, under section 15, above cited, to compel them to do so.

The claim that because the portions retained by defendant cannot, from the description in the complaint, be located on the ground, therefore this demurrer should be sustained, is not a correct one. The relief sought for is that the whole turnpike road, being three rods wide between the northerly and southerly lines, as owned and used by the original turnpike company, and as the same was taken possession of by the railroad company under the provisions of the act of 1833, be surrendered to the highway commissioners of the town. A judgment awarding relief in such or similar terms, and sufficiently describing the whole of such road, could easily be enforced. All the material facts necessary to warrant such a judgment, and sufficiently describing the road, either by giving the center line of the same, or by other appropriate description, could be given in evidence under this complaint; and I therefore conclude that a cause of action is sufficiently stated therein.

Whether the original turnpike, or that taken by defendant under the act of 1833, was or was not a roadway three rods in width, is a question of fact, which can be determined upon the trial; and if, as claimed by defendant's counsel, it was not, the judgment will award such relief only as the established facts warrant.

The judgment overruling the demurrer must be affirmed, with costs, and leave is given to defendant to answer within 20 days after service upon it of a copy of such judgment of affirmance, and upon the payment of the costs of this appeal and of those awarded in the court below. All concur.